# EXHIBIT A

Electronically Filed
6/29/2022 2:56 PM
Fourth Judicial District, Ada County
Phil McGrane, Clerk of the Court
By: April Charles, Deputy Clerk

John J. Janis [ISB No. 3599]
jjanis@HepworthHolzer.com
HEPWORTH HOLZER, LLP
537 W. Bannock Street, Ste. 200
P.O. Box 2582
Boise, Idaho 83701-2582
Telephone: (208) 343-7510
Fax No. (208) 342-2927

Attorneys for Plaintiffs

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF THE

STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

\* \* \* \* \*

| | |
|---|---|
| TREASEA PECCHENINO, an individual; and AMY COVINGTON, an individual, | ) ) ) Case No. |
| Plaintiffs, | ) ) **COMPLAINT AND DEMAND FOR** |
| vs. | ) **JURY TRIAL** ) ) |
| BENJAMIN BRITT, an individual; UNITED PARCEL SERVICE, INC., a foreign corporation; UPS GROUND FREIGHT, INC., a foreign corporation; TFORCE FREIGHT, INC., a foreign corporation; PENSKE TRUCK LEASING COMPANY, a foreign corporation; and John Does 1 through 3, | ) ) ) ) ) ) ) ) ) |
| Defendants. | |

\* \* \* \* \*

COME NOW the above-named Plaintiffs, by and through their attorneys of record, Hepworth Holzer, LLP, and for causes of action against the above-named Defendants, hereby state and allege as follows:

COMPLAINT AND DEMAND FOR JURY TRIAL - 1

**1.**

Plaintiff Treasea Pecchenino is and was at all times relevant herein a resident of Ada County, State of Idaho. She was also the natural mother of Emiko Pecchenino who tragically died on August 24, 2020 in the catastrophic vehicle crash at issue in this lawsuit.

**2.**

Plaintiff Amy Covington is a current resident of the State of Arizona. She is also the natural mother of Sophiah McVay Castro who also tragically died on August 24, 2020 in the catastrophic collision at issue in this lawsuit.

**3.**

Upon information and belief, the Defendant Benjamin Britt is a resident of the State of Oregon.

**4.**

Defendant United Parcel Service, Inc. (hereinafter "UPS") is a foreign corporation which upon information and belief was incorporated in the State of Ohio, but was at all times relevant herein conducting business throughout the State of Idaho.

**5.**

Defendant UPS Ground Freight, Inc. (hereinafter "UPS Ground") was identified by Idaho State Police as being the entity responsible for the 2016 freightliner driven by Benjamin Britt in the subject crash. Upon information and belief, an amendment of foreign registration statement was filed with the Idaho Secretary of State's office in 2021 in which UPS Ground was amended to be the entity name of Defendant Tforce Freight, Inc. (hereinafter "Tforce").

**6.**

Defendant Penske Truck Leasing Company (hereinafter "Penske") is a foreign corporation and who was the registered owner of the 2016 freightliner driven by the co-Defendant Benjamin Britt in the fatal crash referenced above on August 24, 2020. As the owner of said vehicle, Penske is liable for the wrongful death claims at issue here pursuant to Idaho Code §49-2417.

**7.**

Defendant John Does 1 through 3, whose precise legal names and identities may be unknown, are individuals and/or entities who owned the freightliner driven by Defendant Britt and/or employed Defendant Britt at the time of the subject crash.

**8.**

On or about August 24, 2020, Defendant Benjamin Britt was the driver of a 2016 freightliner vehicle, VIN # 1FUJGLD5XGLHL1532, license plate 2378631, southbound on State Highway 55. Upon information and belief, Defendant Britt was at the time acting within the scope and course of his employment with UPS. The precise legal name of Defendant Britt's employer, which he identified to the Idaho State Police as UPS, is one or more of the UPS entities identified herein as United Parcel Service, Inc., UPS Ground Freight, Inc., and/or Tforce Freight, Inc.

**9.**

The UPS entity that was the employer of Defendant Britt at the time of the fatal crash of August 24, 2020, is liable for any wrongful driving conduct by Defendant Britt relating to the subject fatal crash and the consequent wrongful death claims by the Plaintiffs in this case.

**10.**

On or about August 24, 2020, Defendant Britt was driving within the scope and course of his employment with UPS in a southbound direction on Idaho State Highway 55. At an area

COMPLAINT AND DEMAND FOR JURY TRIAL - 3

approximately four miles north of Banks, Idaho, the massive truck and trailer combination being driven by Defendant Britt was slowing the traffic behind him, heading in the same southbound direction.  Defendant Britt pulled his tractor and trailer combination into a designated slow vehicle turnout lane to allow the vehicles that had gathered behind him to pass.

**11.**

One of the vehicles that was behind the tractor trailer combination driven by Defendant Britt was the vehicle driven by Plaintiff Amy Covington's daughter, Sophiah McVay Castro. The daughter of co-Plaintiff Treasea Pecchenino, Emiko Pecchenino, was a passenger in the vehicle driven by Sophiah McVay Castro.

**12.**

While the tractor trailer combination driven by Defendant Britt was in the designated slow moving vehicle turnout lane, Sophiah McVay Castro was driving one of the vehicles that were passing the tractor trailer combination driven by Defendant Britt.  She was doing so in the lane designated for southbound traffic.

**13.**

When Defendant Britt reached the end of the slow turnout lane with the intent to return to the lane designated for southbound traffic, he did not ascertain that to move back into that southbound lane could be done by him and his tractor trailer combination with reasonable safety. On the contrary, he failed to either slow, stop or otherwise yield to the vehicle driven by Sophiah McVay Castro to pass.

**14.**

When Defendant Britt changed lanes for the slow vehicle turnout lane into the lane designated for southbound traffic, he did so without regard to the fact that the vehicle driven by

COMPLAINT AND DEMAND FOR JURY TRIAL - 4

Sophiah McVay Castro was in the process of passing his vehicle.  The driver, Sophiah McVay Castro had to slam on her brakes in order to avoid colliding with the tractor trailer combination driven by Defendant Britt that was forcing his vehicle back into the lane without regard to the extreme hazard he was causing.  The vehicle driven by Sophiah McVay Castro was thus forced to move to the opposite lane, which was designated for northbound traffic.  Tragically, another commercial trucking vehicle was in that lane designated for northbound traffic, causing a crash into the vehicle driven by Sophiah McVay Castro with Emiko Pecchenino as a passenger.

**15.**

As a result of this crash, both Sophiah McVay Castro and Emiko Pecchenino were killed.

**16.**

This tragic and fatal crash was directly and proximately caused by the negligent, negligent per se and/or reckless driving misconduct by Defendant Britt.

**17.**

The negligence, negligence per se, and/or reckless driving misconduct on the part of Defendant Britt was the direct and proximate cause of the deaths of both Sophiah McVay Castro and Emiko Pecchenino.

**18.**

Plaintiff Treasea Pecchenino was the natural mother of Emiko Pecchenino and is entitled to recover all damages allowed by Idaho's wrongful death laws, including but not limited funeral and burial expenses, as well as other economic losses; pain and suffering mental anguish, loss of companionship, loss of association, loss of comfort, loss of happiness, and loss of enjoyment of life; and other economic and non-economic damages pursuant to Idaho law, all in amounts Plaintiff

will prove at the time and place of trial of this action, but which damages will in any event exceed the Magistrate's limits of $10,000.

**19.**

Plaintiff Amy Covington was the natural mother of Sophiah McVay Castro and is entitled to recover all damages allowed by Idaho's wrongful death laws, including but not limited funeral and burial expenses, as well as other economic losses; pain and suffering mental anguish, loss of companionship, loss of association, loss of comfort, loss of happiness, and loss of enjoyment of life; and other economic and non-economic damages pursuant to Idaho law, all in amounts Plaintiff will prove at the time and place of trial of this action, but which damages will in any event exceed the Magistrate's limits of $10,000.

### CLAIM THAT IDAHO CODE §6-1603 IS INAPPLICABLE

Plaintiffs in this matter claim and intend to prove that the conduct of Defendant Britt was egregious enough to rise to the level of reckless or willful conduct thus rendering the statutory cap on non-economic damages under Idaho Code § 6-1603 as inapplicable.

### REQUEST FOR ATTORNEY'S FEES

As a further direct and proximate result of Defendants' negligent and reckless conduct, Plaintiffs have been required to retain counsel for the purpose of prosecution of this action and are entitled to recover all reasonable costs and attorney's fees incurred in prosecution of this action pursuant to Idaho law.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues in accordance with Rule 38(b) of the Idaho Rules of Civil Procedure.

## PRAYER

WHEREFORE each of the Plaintiffs respectfully pray for judgment against the Defendants as follows:

(1) For all economic and non-economic damages sustained as a direct and proximate result of the wrongful conduct of the Defendants, as referenced above, all in amounts to be proven at the time and place of trial in this action, but which damages will in any event exceed the Magistrate's jurisdictional limits of $10,000;

(2) For all costs and attorney's fees incurred in prosecution of this action, pursuant to Idaho law; and

(3) For such other and further relief as the Court deems just and equitable.

DATED this 29th day of June, 2022.

HEPWORTH HOLZER, LLP

By  /s/ John J. Janis
    John J. Janis
    Attorneys for Plaintiffs

COMPLAINT AND DEMAND FOR JURY TRIAL - 7